**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FILED

JAN 3 1 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | |
| | ) | **Criminal No. 08-013 (RCL)** |
| **DAVID NIKOLOW,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

Defendant David Nikolow has been charged with conspiracy to transport stolen goods and receipt or possession of stolen goods.[1]  Following a hearing on January 31, 2008, this Court ordered that the defendant be detained pending trial, pursuant to 18 U.S.C. § 3141.  Upon consideration of the arguments and evidence introduced at the hearing, this Court finds that no condition or combination of conditions will reasonably assure the safety of the community if the defendant were to be released pending trial.  *See* 18 U.S.C. § 3142(e).  Accordingly, the Court ORDERS that the defendant be detained without bond pending trial.

**DISCUSSION**

Under the Bail Reform Act,[2] in order to detain a defendant pretrial, the government bears the burden of establishing "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community."  18 U.S.C. § 3142(e). The facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence.  18

---

[1] These counts are in violation of 18 U.S.C. § 371, and 18 U.S.C. § 2315.

[2] 18 U.S.C. § 3141 *et seq.*

U.S.C. § 3142(f).  Pursuant to 18 U.S.C. § 3142(f)(1)(E), the government may request detention

in a case that involves "any felony that is not otherwise a crime of violence that involves . . . the

possession or use of a firearm or destructive device."  18 U.S.C. § 3142(f)(1)(E).  Upon motion

of the government, "the judicial officer shall hold a hearing to determine whether any condition

or combination of conditions set forth in subsection (c) . . . will reasonably assure the appearance

of such person as required and the safety of any other person and the community." 18 U.S.C.

§ 3142(f)(1).  Further, the Court must conduct an independent assessment of four factors listed in

§ 3142(g) to determine whether pretrial detention is appropriate.[3]

The evidence in this case is sufficient to conclude that no condition or set of conditions

will reasonably assure the safety of the community.  At the hearing, the government made

unopposed representations that its searches of defendant's liquor store and residence revealed 15

firearms, including rifles, handguns, and semi-automatic weapons.[4]  These 15 firearms constitute

a virtual arsenal in the District of Columbia where possession of any one of these firearms is

patently illegal under District of Columbia law.  While the charges against the defendant do not

involve violent acts, the defendant's illegal possession of 15 firearms in his store and his

residence renders him a danger to the community.  Having established that no set of conditions

---

[3] Those factors are: (1) the nature and circumstances of the offense charged, including
whether the offense is a crime of violence; (2) the weight of the evidence against the defendant;
(3) the history and characteristics of the person, including the defendant's ties to the community;
and (4) the nature and seriousness of the danger to any person or the community that would be
posed by the person's release.  *See* 18 U.S.C. § 3142(g).

[4] These 15 firearms do not include five additional firearms that the government seized
from a residential property in Maryland that is owned by the defendant, but currently occupied by
a tenant.  Nor does this amount reflect the government's ongoing searches of multiple properties
owned by the defendant.

would assure the safety of the community, the Court must now independently assess the four factors enumerated in § 3142(g) to determine whether the evidence clearly and convincingly supports the facts used to support the Court's finding.  Here, the evidence supports a finding of potential danger to the community and weighs in favor of the defendant's detention pending trial.

First, the nature and circumstances of the offenses charged against the defendant, considered in isolation, would not ordinarily favor detention.  Here, the defendant is charged with conspiracy to transport stolen goods and receipt or possession of stolen goods.  However, "[b]y directing a Court to examine the 'nature and circumstances' of the charge rather than just the charge itself, Congress intended for courts to examine a defendant's actions in the context of all relevant background evidence."  *United States v. Abdullahu*, 488 F.Supp.2d 433, 439 (D.N.J. 2007).  In the instant matter, the government has represented that it seized such an abundance of stolen property from the defendant's store and residences that it has rented warehouses to store the goods, and used tractor trailers to haul the goods to storage.  The government further represents that the sheer amount of stolen property found indicates that defendant also sells stolen goods.  Viewing defendant's possession of this massive amount of stolen goods in the context of all of the evidence, the government asserts that defendant likely engages in illegal sales of stolen firearms.  As such, the circumstances surrounding defendant's charged offenses demonstrate that defendant is dangerous to other individuals in the community.

Second, the weight of the evidence against the defendant also heavily favors detention. The firearms at issue here were found in the store owned by the defendant as well as in defendant's own residence.  Moreover, the government's uncontroverted representation that defendant possessed 15 firearms in multiple locations in a jurisdiction where possession of any

one of those firearms is banned, overwhelmingly shows that defendant is a danger to the community.

Third, the nature and seriousness of the danger to the community that would be posed by the defendant's release also weighs significantly in favor of the government.  The sheer number of weapons seized in the District of Columbia properties—where possession of such weapons is illegal—and at defendant's Maryland property, clearly show that the defendant is a danger to the community.

Finally, the Court must consider the history and characteristics of the defendant, including his ties to the community.  The defendant has one prior conviction dating back to 1986.  He has been a resident of the District of Columbia for the past 30 years, where he lives with his wife of 28 years.  Defendant's history and characteristics alone would ordinarily weigh against pretrial detention.  These facts, however, cannot overcome the sheer weight of the evidence against the defendant and the nature and seriousness of the danger posed by defendant's release in light of the full context of the charged offenses.

## **CONCLUSION**

For the aforementioned reasons, the Court finds that pretrial detention of the defendant is appropriate in this case because there is clear and convincing evidence that no conditions of release will reasonably assure the safety of the community.  Accordingly, it is hereby

ORDERED that the defendant be detained without bond pending trial.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, on January 31, 2008.