UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | Criminal No. 08-CR-13 (RCL) |
| : | |
| ANTONIO DOUGLAS, : | |
| WALTER ANDREW DOUGLAS, : | |
| JOHN WESLEY LYONS, : | |
| DAVID NIKOLOW, : | |
|   Defendants. : | |

**GOVERNMENT'S MOTION TO SUSPEND THE COMPUTATION
OF TIME PURSUANT TO THE SPEEDY TRIAL ACT**

The United States of America, by its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court pursuant to the Speedy Trial Act, 18 United States Code, §§ 3161, *et seq.*, to suspend the computation of time as provided in the Act. *See* 18 United States Code, §§ 3161(h)(8)(A) and 3161(h)(8)(B)(ii). As grounds for its motion the government cites the following points and authorities.

*Facts*

The Indictment in this matter charges four defendants with, *inter alia*, interstate transportation and receipt of stolen goods as well as conspiracy, in violation of Title 18, United States Code, Sections 371, 2314 and 2315.

The greatest part of the government's evidence in this matter is the result of search warrants approved by the United States District Court for the District of Columbia and the United States District Court for the District of Maryland.

*Argument*

As the Court is aware, the execution of those search warrants, one lasting eight days, resulted in the seizure of truckloads of property either known to be or suspected of being stolen from the District of Columbia and other jurisdictions including Virginia and Maryland. The physical evidence seized pursuant to those search warrants is so voluminous as to require the Federal Bureau of Investigation ("FBI") and the Metropolitan Police Department ("MPD") to secure the property in various warehouse locations. The variety of stolen property is so diverse as to require examination by persons knowledgeable in everything from snow blowers to elephant tusks. Moreover, identifying which thefts the recovered property came from as well as the identification of victims requires a multi-jurisdictional, multi-agency effort. To date, we have identified property, commercial and residential, stolen from the District of Columbia, Montgomery, Prince Georges and Howard Counties in Maryland and from Alexandria, Arlington, and Fairfax Counties in Virginia. Some of that property was stolen as long ago as six years. The FBI, MPD, and Untied States Attorneys Office are working with local law enforcement agencies from each of those jurisdictions to identify the time of the thefts and the victims whether commercial or private. We are also conducting property viewings with merchants and suppliers to examine, identify, and value property stolen from retail establishments. Additionally, we are working with appraisers to identify and value property stolen from private citizens.

The volume and variety of property, the large number of victims, the multitude of jurisdictions and the general breadth of the conspiracy and the overall complexity of this case justifies a 270 day exclusion from the statutory period in which this case must be tried under the Speedy Trial Act. The nature of the evidence supporting the charges in the instant indictment make

this case complex and justifies an exclusion of time under 18 United States Code, § 3161(h)(8)(A).

In relevant part Title 18, United States Code, § 3161, states:

> (c)(1) In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.
>
> \* \* \* \* \* \* \* \* \* \* \*
>
> (h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
>
> \* \* \* \* \* \* \* \* \* \* \*
>
> (8)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.
> (B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:
> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel

>questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

Title 18, United States Code, § 3161(h)(8)(A), allows the court to exclude a period of delay from the Speedy Trial Act calculation if the Court finds, "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Section 3161(h)(8)(B) sets forth the factors the Court may consider when determining whether to exclude time pursuant to §3161(h)(8)(A). Where the Court finds that the case is, "so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established," the Court may exclude such time as necessary to serve the ends of justice. Title 18, United States Code, §§ 3161(h)(8)(A) and 3161(h)(8)(B)(ii)(iv).

Applying the factors set forth in § 3161(h)(8)(B), courts have routinely excluded reasonable periods of time in cases similar in scale and complexity to the instant case. The court is vested with broad discretion to grant this exclusion when in its view the case's complexity makes it necessary to grant counsel further time to prepare in order to ensure a fair trial. *See United States v. Rojas-Contreras*, 474 U.S. 231 (1985); *United States v. Hemphill*, ____ F.3d _____, 2008 WL 341297 (D.C. Cir. 2008).

Courts also look to the nature of the evidence in an assertedly "complex" case in adjudicating requests to apply the "interest of justice" provision of the Speedy Trial Act. Findings of complexity and resulting exclusions of time have been based on the presence of a large amount of evidence. Courts have also recognized that the necessity of gathering and producing a large amount of documents increases the complexity of a case and can alternately justify exclusion of time under the

Speedy Trial Act. *See United States v. Beech Nut Nutrition Corporation*, 871 F.2d 1181, 1197-1198 (2d Cir.) (case in which government made available to defendants voluminous documents was "complex within the meaning of the Speedy Trial Act"), *cert. denied*, 493 U.S. 933 (1989).

The instant case is at least as "complex" as those described above in which courts have excluded time under Section 3161(h)(8)(A). Without more, the number of defendants, the numerous jurisdictions and sheer volume and variety of evidence justifies this Court's exclusion of time from the Speedy Trial Act calculation. The number of thefts involved in this conspiracy will prompt the production of hundreds of pages of documents to each of the co-conspirators, material that will take time to gather, distribute, and to review. All of that material will need to be reviewed by each defense attorney. That review will undoubtedly prompt motions to suppress, to sever, and to otherwise limit the quantum of evidence to be presented against these defendants. The sheer volume of evidence in this case makes it complex and, according the above-cited authority and an application of the plain language of the Speedy Trial statute, compels an exclusion of time.

The 270 day exclusion requested in this motion will serve both the United States and the defendants and insure that this significant, complicated case is thoroughly prepared for trial. The government needs extra time to prepare a vast amount of material for trial presentation. Moreover, the additional time will facilitate dispositions short of trial. Several of the defendants in this case face charges in more than one district. It is reasonable to believe based upon the seriousness of the charges involved here and the potential sentences involved that some of the defendants will express interest in entering guilty pleas that would resolve the charges they face in the District of Columbia and elsewhere.

WHEREFORE, for the foregoing reasons, the United States respectfully requests that this Court enter an Order excluding from computation under the Speedy Trial Act a period of 270 days.

    Respectfully submitted,

    JEFFREY A. TAYLOR
    UNITED STATES ATTORNEY
    D.C. Bar Number 498610

    _____
    Nancy B. Jackson
    555 Fourth Street, NW
    Washington, DC  20
    (202) 305-1749

    _____
    John K. Han
    Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | Criminal No. 08-CR-13 (RCL) |
| : | |
| ANTONIO DOUGLAS, : | |
| WALTER ANDREW DOUGLAS, : | |
| JOHN WESLEY LYONS, : | |
| DAVID NIKOLOW, : | |
|     Defendants. : | |

# ORDER

Upon motion of the United States and after consideration of the entire record in this matter the Court finds that given the complexity of the evidence in this matter and the extensive amount of evidence involving multiple jurisdictions, the ends of justice are best served in this matter by excluding 270 days from the computation of the requirements of the Speedy Trial Act, 18 United States Code, § 3161, *et seq.,* and outweigh the best interest of the public and the defendants in a speedy trial. It is this _____ day of February, 2008

**ORDERED** the Clerk of the Court shall exclude 270 days from the computation of the Speedy Trial Act in this matter.

---

ROYCE C. LAMBERTH
United States District Judge