UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| v. : | Criminal No. 08-CR-13 (RCL) |
| : | |
| **ANTONIO DOUGLAS,** : | |
| **WALTER ANDREW DOUGLAS,** : | |
| **JOHN WESLEY LYONS,** : | |
| **DAVID NIKOLOW,** : | |
| **Defendants.** : | |

### GOVERNMENT'S REPLY TO DEFENDANT WALTER DOUGLAS'S OPPOSITION TO GOVERNMENT'S MOTION TO SUSPEND THE COMPUTATION OF TIME PURSUANT TO THE SPEEDY TRIAL ACT

The United States of America, by and through its undersigned attorney, the United States Attorney for the District of Columbia, respectfully submits its reply to defendant Walter Douglas's[1] Opposition to Government's Motion to Suspend The Computation of Time Pursuant to the Speedy Trial Act. Defendants's opposition arguments are not well founded, and the government's motion should be granted.

As was set forth in the government's motion to suspend time, the volume and variety of property, the large number of victims, and the multitude jurisdictions involved make the general breadth of the conspiracy and the overall case complex. Defendant Douglas, in his motion, acknowledges such "[d]efendant recognizes that the seizures of suspected stolen property related to the charges in this case are more voluminous than usual; that the necessary follow-up investigation is more complex; that it is important for the defendant to be able to determine what property may

---

[1] Defendant Nikolow joined defendant Douglas's motion without making any further arguments. The government, therefore, submits only this reply and requests that it be adopted as to defendant Nikolow.

be attributable to him, to assess both legal and possible disposition issues in the case; and that therefore the exclusion of some time is appropriate in this case" (Def.'s mtn at p.1).

The government's motion to suspend time under the Speedy Trial Act is a reasonable proposal that reflects the complexity in this case. It will permit all counsel to receive the discovery they want under conditions that far exceed the simple "inspection and copying" standard embodied in Rule 16. The determination whether time should be excluded based on either complexity or otherwise because the ends of justice outweigh the interests in a speedy trial resides within this Court's discretion, and the Court's findings in this regard will not be disturbed absent a showing of abuse and clear prejudice to the defendants. See United States v. Thomas, 774 F.2d 807, 810 (7th Cir. 1985)(court's exercise of discretion to designate as complex a wire fraud scheme and embezzlement conspiracy was sound where six defendants were indicted and "thousands of financial documents" made up the discovery), cited approvingly in United States v. Kelley, 36 F.3d 1118, 1127 (D.C. Cir. 1994)(finding no abuse of discretion in court's denial of defendant's continuance request). Significantly, neither defendant Walter Douglas, nor any other defendant in this case, argue that they would be prejudiced by the suspension of time, simply that the "government's investigation may proceed at a faster pace than anticipated" (Id.). The government is undertaking to provide discovery that will permit the defendants to meaningfully review the voluminous evidence and meaningfully respond to the charges .

## **CONCLUSION**

For all the foregoing reason, as well as the reasons set forth in the Government's Motion to Suspend Computation of the Speedy Trial Act, the ends of justice outweigh the various interests in a trial conducted within the time limits of the Speedy Trial Act. Therefore, the Court should grant

the government's motion to suspend time so as to allow adequate preparation of the government and all defense counsel for trial and motions practice.

    Respectfully submitted,

    JEFFREY A. TAYLOR
    UNITED STATES ATTORNEY
    D.C. Bar Number 498610

    _____
    Nancy B. Jackson
    555 Fourth Street, NW
    Washington, DC  20
    (202) 305-1749

    _____
    John K. Han
    Assistant United States Attorney