UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | Crim. No. 08-013 (RCL) |
| ) | |
| DAVID NIKOLOW ,    ) | Judge Royce C. Lamberth |
| ) | |
| Defendant.    ) | |
| _____) | |

## MOTION FOR RELEASE PENDING TRIAL

David Nikolow, by and through undersigned counsel, respectfully submits this motion for release pending trial. As grounds for the motion, counsel states as follows:

I.   **Factual/Procedural History**

A. **Background**

As the court is aware, David Nikolow was arrested on January 24, 2008, and was charged with receiving stolen property. He was indicted on two counts of receiving stolen property and was charged with conspiracy to transport stolen goods on January 29, 2008. A superceding indictment was filed on March 13, 2008 which included identical charges being filed against Mr. Nikolow.

After a bond review hearing, the Court Ordered that Mr. Nikolow be detained prior to trial. In its January 31, 2008, Memorandum and Order, the Court concluded that no condition or combination of conditions would reasonably assure the safety of the community if Mr. Nikolow were released pending trial. Order at p.1. In so ruling, the Court relied upon 18 U.S.C. § 3142(f)(1)(E) and then considered the factors set forth in 18 U.S.C. 3142(g). The Court's ruling

was based primarily on the fact that the government alleged that Mr. Nikolow was in possession of 15 firearms.

### B. Background of Mr. Nikolow

David Nikolow is a 58-year year old United States Citizen who immigrated to the United States by escaping Bulgaria's communist regime approximately 35 years ago. Since his arrival in the United States, Mr. Nikolow worked hard and has assimilated into society. He began by working his way through college and for approximately the past 15 years, he has operated a successful business called Rosemar Liquors in S.E., Washington, D.C.

Mr. Nikolow has been married for nearly 30 years. He also has a daughter who is weeks away from graduating from high school. He has other relatives, including a brother, who reside in suburban Maryland.

Mr. Nikolow currently has two serious health problems that are not being addressed by the Department of Corrections. As a result, his physical and mental conditions have suffered tremendously due to his incarceration. First, he has constantly high blood pressure and is not being properly medicated and treated. Second, within the past two weeks, Mr. Nikolow has discovered a very large lump that is growing on the base of his skull. This ailment has also not been diagnosed or treated properly by prison officials.

### II. The Instant Motion

We appreciate the concerns raised by the Court in its prior ruling and have three points we would like the Court to consider. First, we believe that the government's reliance on the 3142(f)(1)(E) is too attenuated to warrant detention of Mr. Nikolow. Second, we respectfully submit that some of the firearms were either purchased legally or were registered to Mr. Nikolow. In addition, some of the weapons were inoperable. Third, we respectfully submit that

there are a variety of conditions of release that, if imposed, can and will undoubtedly provide for the safety of the community. As such, we respectfully request that the Court release Mr. Nikolow on the conditions enumerated below.

### III.   The Government's Claim that 3142 Requires Detention is wrong

As a threshold matter, we respectfully submit that Section 3142(f)(1)(E)'s application to the facts of this case is too attenuated to detain Mr. Nikolow prior to trial. Indeed, as the Court noted in its ruling, the charges against Mr. Nikolow do not involve violent acts and would not ordinarily support a finding of detention. The provision indicates that detention may be sought in felony cases that involve "the possession or use of a firearm." There is absolutely no evidence in this case to illustrate that the *charges* against Mr. Nikolow involve the possession or use of a firearm. Indeed, the government's evidence only establishes that Mr. Nikolow was allegedly the purchaser of stolen purses. There is no allegation that Mr. Nikolow brandished a firearm, used a firearm, possessed a firearm, discharged a firearm, or threatened anyone with a firearm in connection with these charges. We understand that weapons were allegedly recovered from Mr. Nikolow's home and business, but there is no link between those weapons and the crimes charged. As such, detention under this provision is inappropriate.

### IV.   Weapons concerns

We appreciate the concerns raised by the Court given the government's proffer that 15 guns were recovered from Mr. Nikolow's home and business. In addressing the volume of weapons recovered, it is important to remind the Court that there is no allegation that any of these weapons were fired, brandished, or used to harm anyone. From our review of the discovery, it appears that three weapons were recovered from Mr. Nikolow's residence. The first was a hunting rifle that was found in a secured in case. The weapon was registered to Mr.

Nikolow. The second was a .22 caliber handgun that was purchased lawfully from a gun show in Virginia approximately 25 years ago. The third was a revolver that was purchased man years ago. The gun is without a barrel and cannot be fired and was in that condition when purchased. There is no evidence to support a conclusion that any member of the community was in jeopardy assuming Mr. Nikolow possessed all of these weapons.

Regarding the additional weapons recovered from the liquor store, it is important to note again that there is no allegation that any of the weapons had been brandished, fired, or used in any criminal activity. Approximately half of the weapons recovered from the liquor store appear to be hunting rifles. A number of the weapons were old and were recovered in storage areas in the basement of the liquor store.

### V.    Analysis of 3142(g) factors requires release of Mr. Nikolow

Assuming the Court disagrees with our assessment of 3142(f)(1)(E), the Court must analyze the following four factors pursuant to 3142(g):

#### A. Nature and circumstances of the offense charged

First, it must consider "the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device." Here, none of these factors are present. The offense is not a crime of violence and there are no allegations that Mr. Nikolow did anything but receive stolen property. Thus, the charge is nonviolent in nature.

#### B. Weight of the evidence against the person with respect to the crime charged

Second, the Court must consider the weight of the evidence against the person with respect to the crime charged. We respectfully submit that the Court placed too much significance on the fact that the weapons were allegedly possessed in places controlled by Mr.

Nikolow. The crime charged is receipt of stolen property. In this case, we respectfully submit that it will be difficult for the government to prove that Mr. Nikolow knew much of the property allegedly in his possession was stolen. Indeed, much of it was obtained in lawful ways. Thus, the evidence against Mr. Nikolow is not as strong as once believed.

### C. Mr. Nikolow's history, character, physical condition, and other factors

Third, the Court must balance the history and characteristics of the person, the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law.

David Nikolow is a hard working man of good character. He is a good father and is well-regarded in the community. He is also very active in the community and owns a business and numerous properties throughout the city. He attended college locally. He has lived in the same home for 20 years.

Mr. Nikolow currently has two serious health problems that are not being addressed by the Department of Corrections. As a result, his physical and mental conditions have suffered tremendously as a result of his incarceration. First, he has constantly high blood pressure and is not being properly medicated and treated. Second, within the past two weeks, Mr. Nikolow has discovered a very large lump that is growing on the base of his skull. This ailment has also not been diagnosed or treated properly by prison officials.

He has no record of drug abuse. He has no history of prior failures to appear in Court proceedings and has a very minor criminal history. Mr. Nikolow is not currently on probation or parole. Thus, these factors militate in favor of release with conditions.

### D. Nature and seriousness of the danger to community

Fourth, the nature and seriousness of the danger to any person or the community that would be posed by the person's release. Mr. Nikolow is a well-liked and well-respected member of the community. There is absolutely no harm that he would pose to any one individual or society in general if he were to be released. Indeed, there is no record evidence to support such a conclusion.

### VI. Requested Conditions of Release

As the Court may be aware, the pretrial services agency recommended that Mr. Nikolow be released with conditions of not possessing a passport and in-person reporting. We appreciate that the Court has some serious concerns based on the number of weapons allegedly recovered in this case; but we believe the following conditions will address those concerns while allowing Mr. Nikolow the opportunity to get the medical help he needs and to prepare his defense in this case.

As such, we respectfully request that the Court release Mr. Nikolow on the following conditions:

(1) that he submit to in-person supervision from pretrial services;

(2) that he be placed in the third-party custody of his friend, Sylvia Burroughs;

(3) that he continue to live at his present address;

(4) that he be subjected to home detention with GPS monitoring;

(5) that he not travel from within the metropolitan area;

(6) that he not possess any firearms;

(7) that he not possess any travel documents;

(8) that he shall have no contact either directly or indirectly with any co-defendants in the case except through counsel.

WHEREFORE based on the foregoing reasons and any others that may appear to the Court, Mr. Nikolow respectfully requests that this Court grant the relief requested and release him pending trial..

        Respectfully submitted,

        David Nikolow
        By Counsel


Dated: April 23, 2008


        __/s/ Danny Onorato_____
        G. Allen Dale
        Danny Onorato
        601 Pennsylvania Avenue, N.W.
        North Building, Suite 900
        Washington, D.C. 200004
        (Ph) 202-628-4199
        (Fax) 202-628-4177

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> DAVID NIKOLOW, ) <br> ) <br> Defendant. ) <br> _____ ) | Crim. No. 08-013 (RCL) <br><br> Judge Royce C. Lamberth |

### ORDER

Upon consideration of Defendant David Nikolow's Motion for Release Pending Trial, and any opposition thereto, it is this ___ day of April, 2008, hereby

**ORDERED** that Defendant David Nikolow's Motion is **GRANTED**. David Nikolow shall be released pursuant to the requested release conditions set forth in Defendant Nikolow's Motion for Release Pending Trial.

**SO ORDERED.**

_____
Royce C. Lamberth
United States District Judge