UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v.  : | CRIMINAL NO. 08-CR-013 (RCL) |
| : | |
| DAVID NIKOLOW, : | |
| Defendant. : | |

**OPPOSITION TO MOTION FOR RELEASE PENDING TRIAL**

*COMES NOW*, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, to oppose defendant's motion for release, essentially seeking to overturn the Court's detention order. In support of our opposition, we respectfully state as follows:

(1) Defendant is one of five co-conspirators charged in an indictment with conspiracy to transport stolen goods. Additionally, he is charged in the indictment with receipt or possession of stolen goods. These charges arise from the seizure of stolen property, pursuant to the execution of search warrants, at the defendant's business, Rosemar Liquors, his homes in the District of Columbia and Maryland, and various of his storage facilities. Recovered during these searches were truck loads of stolen property and 26 firearms. Eighteen of the firearms recovered are operable. After a detention hearing, the Court issued a memorandum opinion ordering that defendant be held without bond pending trial, finding him to be a danger to the community if released. The Court's order should be upheld.

(2)  In summary, for at least the last six years the defendant has trafficked in enormous amounts of stolen property. He has done so while in the possession of eighteen operable firearms. Moreover, the defendant placed orders with his co-conspirators for specific types of property he wanted stolen and delivered to him. This resulted in the co-conspirators entering business establishments to commit thefts during business hours while store employees worked and customers shopped.

(3)  In support of his request to overturn this Court's detention order, the defendant makes a meritless argument that Congress did not intend what it plainly stated in 18 U.S.C. § 3142(f)(1)(E), that is, that any felony not otherwise a crime of violence that involves possession of a firearm is a detainable offense. The other factors aruged by the defendant are merely a recitation of the factors argued at his detention hearing and found, by this Court, to be unpersuasive. Each of those factors existed during the time the defendant was endangering the community by trafficking in stolen property, possessing an arsenal of firearms, and planning and financing store thefts that endangered both the store's employees and customers.

(4)  By reason of the grand jury's decision to charge the defendant in the instant indictment, the law establishes a presumption that defendant should be detained pending trial as a danger to the community. 18 U.S.C. § 3142(e). That presumption having been established, it is upon defendant to rebut that presumption. We submit that nothing in his motion for release rebuts

that presumption.  Indeed, from defendant's motion, there is no basis for this Court to conclude that it erred by issuing its detention order, and this Court should uphold that decision.

                                          Respectfully submitted,

                                          JEFFREY A. TAYLOR
                                          UNITED STATES ATTORNEY
                                          D.C. Bar Number 498610

                                          _____

                                          Nancy B. Jackson
                                          Room 4110
                                          555 Fourth Street, NW
                                          Washington, D.C.  20530
                                          (202) 307-0029