UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA    ) | |
| ) | |
| v.    ) | Crim. No. 08-013 (RCL) |
| ) | |
| DAVID NIKOLOW ,    ) | Judge Royce C. Lamberth |
| ) | |
| Defendant.    ) | |
| ) | |

**SUPPLEMENT TO MOTION FOR RELEASE PENDING TRIAL**

David Nikolow, by and through undersigned counsel, respectfully submits this supplement with additional legal authority regarding his motion for release pending trial. As grounds for the motion, counsel states as follows:

Mr. Nikolow respectfully submits that *United States v. Singleton*, 182 F.3d 7 (D.C. 1999), supports his position that 18 U.S.C. 3142(f)(1)(E) is not applicable to the crime charged in this case. In *Singleton*, the government attempted hold a defendant charged with possession of a firearm during a crime of violence pursuant to 18 U.S.C. 3142(f)(1)(a). The Circuit rejected the government's claim by holding, the Court must look at the plain language of the Bail Reform Act. In so doing, the Court must use a "categorical approach" to see whether the crime charged fits within the confines of a detainable offense. As such, a "court need look no further than the statute creating the offense to decide whether it describes a crime of violence." Id. at 100. Here, it is clear the elements of the crime charged do not involve possession of a firearm and the government's claim must fail.

Second, we would ask the Court to consider, *Henderson v. United States*, 687 U.S. 918 (D.C. 1996). In Henderson, the District of Columbia Court of Appeals held as a matter of law that the defendant could not be convicted of carrying a pistol without a license when a locked

weapon was found in the trunk of his car. The Court noted that "a person, not licensed to carry a pistol who is found in a vehicle with an unregistered pistol might be guilty of the registration offense if the pistol is within the constructive possession of the person but not the license offense if the pistol was not within such proximity to the person as to be convenient of access and within reach." Id. at 921 (internal citations and emphasis removed).

Applying that rule here, it follows that the government must prove that Mr. Nikolow used or possessed the firearms at issues while engaging in the underlying crime of receiving stolen property. Simply stated, the government has not, and cannot, so do.

WHEREFORE based on the foregoing reasons and any others that may appear to the Court, Mr. Nikolow respectfully requests that this Court grant the relief requested and release him pending trial.

Dated: April 30, 2008                               Respectfully submitted,

                                                    David Nikolow
                                                    By Counsel


                                                    __/s/ Danny Onorato_____
                                                    G. Allen Dale
                                                    Danny Onorato
                                                    601 Pennsylvania Avenue, N.W.
                                                    North Building, Suite 900
                                                    Washington, D.C.  200004
                                                    Telephone:  (202) 628-4199
                                                    Facsimile:  (202) 628-4177