# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 08-CR-013 (RCL)** |
| | : | |
| **DAVID NIKOLOW,** | : | |
| **Defendant.** | : | |

## GOVERNMENT'S SUPPLEMENTAL OPPOSITION TO MOTION FOR RELEASE PENDING TRIAL

*COMES NOW*, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and files this supplement to its opposition to defendant's motion for release. In support of our opposition, we respectfully state as follows:

(1)    In response to the Court's questions about the legislative history of 18 U.S.C. § 3142(f)(1)(E), the government files this supplemental opposition to defendant's motion seeking release pending trial.

(2)    In its research, the government was unable to find anything defining or even discussing what Congress intended when it said "[a]ny felony that is not otherwise a crime of violence that involves...the possession or use of a firearm..." 18 U.S.C. § 3142(f)(1)(E). The government did find, in a House Committee Report from the Children's Safety Act of 2005, likely a precursor to the Adam Walsh Child Protection and Safety Act of 2006, some discussions about the transfer of firearms to persons convicted of crimes against children and a suggestion to amend 18 U.S.C. 922 (d) and (g) to prohibit such transfers, however, this bill did not become a law. (Portions Attached) What did become a law was a Senate bill for which there is no written report.

(3)    It continues to be the government's position that when Congress used the language "any felony" they meant any felony and not simply 18 U.S.C. 922(g). After all, if Congress had

intended only to make 922(g) offenses detainable they could have done so by adding it to the list of violent crimes for which one can be held, or they could have said 922(g) rather than the language they chose, that is, "any felony."

(4)    Also, it continues to be the government's position that the firearms recovered from the defendant's homes and business were involved in the defendant's felony because they were maintained in his home and in his place of business.  Not only did the defendant conduct his criminal activities from his business and store the proceeds of his crimes at his home but also some of the firearms recovered from his business were readily accessible to the defendant in the liquor store.  The firearms recovered in the liquor store were recovered from throughout the liquor store, some in plain view, and some in that part of the store that was immediately adjacent to the customer area.  Indeed, one firearm was recovered from the defendant's desktop just off the customer area.

(5)    The defendant is subject to detention pursuant to 18 U.S.C. 3142(f)(1)(E). Moreover, the law establishes a presumption that defendant should be detained pending trial as a danger to the community.  18 U.S.C. § 3142(e) and (f)(1).  That presumption having been established, and defendant failing to rebut the presumption, his motion for release pending trial should be denied.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. Bar Number 498610


Nancy B. Jackson
Room 4110
555 Fourth Street, NW
Washington, D.C.  20530
(202) 307-0029

**2**

| 109TH CONGRESS 1st Session | HOUSE OF REPRESENTATIVES | REPT. 109–218 Part 1 |
|---|---|---|

# CHILDREN'S SAFETY ACT OF 2005

----

# R E P O R T

OF THE

## COMMITTEE ON THE JUDICIARY
## HOUSE OF REPRESENTATIVES

TO ACCOMPANY

## H.R. 3132

together with

## DISSENTING VIEWS



SEPTEMBER 9, 2005.—Ordered to be printed

----

U.S. GOVERNMENT PRINTING OFFICE
WASHINGTON : 2005

39–006

For sale by the Superintendent of Documents, U.S. Government Printing Office
Internet: bookstore.gpo.gov   Phone: toll free (866) 512–1800; DC area (202) 512–1800
Fax: (202) 512–2250   Mail: Stop SSOP, Washington, DC 20402–0001

43

ROLLCALL NO. 3—Continued

| | Ayes | Nays | Present |
|---|---|---|---|
| Mr. Coble ................................................................................................................ | | X | |
| Mr. Smith (Texas) ................................................................................................. | | X | |
| Mr. Gallegly ........................................................................................................... | | | |
| Mr. Goodlatte ......................................................................................................... | | | |
| Mr. Chabot .............................................................................................................. | | X | |
| Mr. Lungren ............................................................................................................ | | X | |
| Mr. Jenkins ............................................................................................................. | | X | |
| Mr. Cannon ............................................................................................................. | | X | |
| Mr. Bachus ............................................................................................................. | | | |
| Mr. Inglis ................................................................................................................ | | X | |
| Mr. Hostettler ........................................................................................................ | | X | |
| Mr. Green ................................................................................................................ | | X | |
| Mr. Keller ............................................................................................................... | | X | |
| Mr. Issa .................................................................................................................. | | X | |
| Mr. Flake ................................................................................................................ | | X | |
| Mr. Pence ............................................................................................................... | | | |
| Mr. Forbes .............................................................................................................. | | X | |
| Mr. King .................................................................................................................. | | X | |
| Mr. Feeney .............................................................................................................. | | | |
| Mr. Franks .............................................................................................................. | | X | |
| Mr. Gohmert ........................................................................................................... | | X | |
| Mr. Conyers ............................................................................................................ | X | | |
| Mr. Berman ............................................................................................................. | | | |
| Mr. Boucher ............................................................................................................ | | | |
| Mr. Nadler .............................................................................................................. | X | | |
| Mr. Scott ................................................................................................................. | X | | |
| Mr. Watt ................................................................................................................. | | | |
| Ms. Lofgren ............................................................................................................ | | | |
| Ms. Jackson Lee ..................................................................................................... | | | |
| Ms. Waters ............................................................................................................. | | | |
| Mr. Meehan ............................................................................................................ | | | |
| Mr. Delahunt .......................................................................................................... | | | |
| Mr. Wexler .............................................................................................................. | | | |
| Mr. Weiner .............................................................................................................. | X | | |
| Mr. Schiff ................................................................................................................ | X | | |
| Ms. Sánchez ........................................................................................................... | X | | |
| Mr. Van Hollen ....................................................................................................... | X | | |
| Ms. Wasserman Schultz .......................................................................................... | X | | |
| Mr. Sensenbrenner, Chairman ................................................................................. | | X | |
| Total ............................................................................................... | 9 | 17 | |

4. The Committee voted 22 yeas to 4 nays to report favorably H.R. 3132, as amended.

ROLLCALL NO. 4

| | Ayes | Nays | Present |
|---|---|---|---|
| Mr. Hyde ................................................................................................................. | | | |
| Mr. Coble ................................................................................................................ | X | | |
| Mr. Smith (Texas) ................................................................................................. | X | | |
| Mr. Gallegly ........................................................................................................... | | | |
| Mr. Goodlatte ......................................................................................................... | | | |
| Mr. Chabot .............................................................................................................. | X | | |
| Mr. Lungren ............................................................................................................ | X | | |
| Mr. Jenkins ............................................................................................................. | X | | |
| Mr. Cannon ............................................................................................................. | X | | |
| Mr. Bachus ............................................................................................................. | | | |
| Mr. Inglis ................................................................................................................ | X | | |
| Mr. Hostettler ........................................................................................................ | X | | |
| Mr. Green ................................................................................................................ | X | | |
| Mr. Keller ............................................................................................................... | X | | |
| Mr. Issa .................................................................................................................. | | | |

42

ROLLCALL NO. 1—Continued

| | Ayes | Nays | Present |
|---|---|---|---|
| Total ............................................................................ | 16 | 17 | |

2. The Committee voted 12 yeas to 18 nays not to adopt an amendment offered by Rep. Scott which would have struck section 303, relating to habeas reform, in H.R. 3132.

ROLLCALL NO. 2

| | Ayes | Nays | Present |
|---|---|---|---|
| Mr. Hyde ............................................................................ | | | |
| Mr. Coble ............................................................................ | | X | |
| Mr. Smith (Texas) ............................................................ | | X | |
| Mr. Gallegly ...................................................................... | | | |
| Mr. Goodlatte .................................................................... | | | |
| Mr. Chabot ........................................................................ | | X | |
| Mr. Lungren ...................................................................... | | X | |
| Mr. Jenkins ........................................................................ | | X | |
| Mr. Cannon ........................................................................ | | X | |
| Mr. Bachus ........................................................................ | | | |
| Mr. Inglis .......................................................................... | | X | |
| Mr. Hostettler .................................................................... | | X | |
| Mr. Green .......................................................................... | | X | |
| Mr. Keller .......................................................................... | | X | |
| Mr. Issa ............................................................................ | | X | |
| Mr. Flake .......................................................................... | | X | |
| Mr. Pence .......................................................................... | | | |
| Mr. Forbes ........................................................................ | | X | |
| Mr. King ............................................................................ | | X | |
| Mr. Feeney ........................................................................ | | X | |
| Mr. Franks ........................................................................ | | X | |
| Mr. Gohmert ...................................................................... | | X | |
| Mr. Conyers ...................................................................... | X | | |
| Mr. Berman ........................................................................ | X | | |
| Mr. Boucher ...................................................................... | | | |
| Mr. Nadler ........................................................................ | X | | |
| Mr. Scott .......................................................................... | X | | |
| Mr. Watt ............................................................................ | | | |
| Ms. Lofgren ...................................................................... | | | |
| Ms. Jackson Lee ................................................................ | X | | |
| Ms. Waters ........................................................................ | X | | |
| Mr. Meehan ........................................................................ | | | |
| Mr. Delahunt ...................................................................... | | | |
| Mr. Wexler ........................................................................ | X | | |
| Mr. Weiner ........................................................................ | X | | |
| Mr. Schiff .......................................................................... | X | | |
| Ms. Sanchez ...................................................................... | X | | |
| Mr. Van Hollen .................................................................. | X | | |
| Ms. Wasserman Schultz ...................................................... | X | | |
| Mr. Sensenbrenner, Chairman .............................................. | | X | |
| Total ............................................................................ | 12 | 18 | |

3. The Committee voted 9 yeas to 17 nays not to adopt an amendment offered by Rep. Nadler to amend sections 922(d) and (g) of title 18 United States Code to include as a prohibited person anyone convicted of a sex offense against a minor.

ROLLCALL NO. 3

| | Ayes | Nays | Present |
|---|---|---|---|
| Mr. Hyde ............................................................................ | | | |

64

(c) Engaging in Illicit Sexual Conduct in Foreign Places.—Any United States citizen or alien admitted for permanent residence who travels in foreign commerce, and engages in any illicit sexual conduct with another person shall be fined under this title [or imprisoned not more than 30 years, or both] *and imprisoned for not less than 10 years and not more than 30 years.*

(d) Ancillary Offenses.—Whoever, for the purpose of commercial advantage or private financial gain, arranges, induces, procures, or facilitates the travel of a person knowing that such a person is traveling in interstate commerce or foreign commerce for the purpose of engaging in illicit sexual conduct shall be fined under this title, [imprisoned not more than 30 years, or both] *and imprisoned for not less than 10 nor more than 30 years.*

\*　　\*　　\*　　\*　　\*　　\*　　\*

# PART II—CRIMINAL PROCEDURE

\*　　\*　　\*　　\*　　\*　　\*　　\*

## CHAPTER 207—RELEASE AND DETENTION PENDING JUDICIAL PROCEEDINGS

\*　　\*　　\*　　\*　　\*　　\*　　\*

### § 3142. Release or detention of a defendant pending trial

(a) \* \* \*

(b) Release on Personal Recognizance or Unsecured Appearance Bond.—The judicial officer shall order the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond in an amount specified by the court, subject to the condition that the person not commit a Federal, State, or local crime during the period of release *and subject to the condition that the person cooperate in the collection of a DNA sample from the person if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. 14135a),* unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.

(c) Release on Conditions.—(1) If the judicial officer determines that the release described in subsection (b) of this section will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person—

(A) subject to the condition that the person not commit a Federal, State, or local crime during the period of release *and subject to the condition that the person cooperate in the collection of a DNA sample from the person if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. 14135a);* and

\*　　\*　　\*　　\*　　\*

## CHAPTER 213—LIMITATIONS

\*　　\*　　\*　　\*　　\*

231

Mr. Green knows that in the course of the work that many of us have done on this issue of child predators that I offered legislation regarding DNA and a DNA bank dealing with the question of convicted child predators.

This helps refine this particular section by adding the language "or convicted." And I hope to work with the Committee as we move toward the House and, of course, the Senate to provide that separate and distinctive DNA bank on the basis of providing for——

Chairman SENSENBRENNER. Will the gentlewoman yield?

Ms. JACKSON LEE. I'd be happy to yield.

Chairman SENSENBRENNER. I believe this a very constructive amendment and am prepared to accept it.

Ms. JACKSON LEE. I thank the distinguished gentleman for his accepting, and I'd like to conclude by thanking him for accepting it saying that I hope as recognize that there is an epidemic in the nation frankly, maybe in around the world, on the attacks on children, brutal attacks on children, that we will work toward making sure that this legislation provides some long-standing tools for our law enforcement, which would include this DNA bank.

I ask my colleagues to support the amendment. I thank the Chairman for supporting it by adding the language "or convicted" to this, and I ask for my statement to be in its entirety submitted into the record.

Chairman SENSENBRENNER. Without objection, so ordered.

[The prepared statement of Ms. Jackson Lee follows:]

********** COMMITTEE INSERT **********

Chairman SENSENBRENNER. The question is on agreeing to the amendment offered by the gentlewoman from Texas, Ms. Jackson Lee. Those in favor will say aye.

Opposed, no?

The ayes appear to have it. The ayes have it, and the amendment is agreed to.

Are there further amendments?

The gentleman from New York, Mr. Nadler?

Mr. NADLER. Mr. Chairman, I have an amendment at the desk.

Chairman SENSENBRENNER. The clerk will report the amendment.

The CLERK. Amendment to H.R. 3132, offered by Mr. Nadler.

At the end of Title IV, insert the following: 18 USC 922(d) is amended by inserting the following at the end: '(10).

Chairman SENSENBRENNER. Without objection, the amendment is considered as read. The gentleman from New York is recognized for 5 minutes.

[The amendment follows:]

232

AMENDMENT TO HR 3132
OFFERED BY MR. NADLER

At the end of Title IV insert the following:

"18 USC 922(d) is amended by inserting the following at the end:

'(10) has been convicted in any court of a sex offense against a minor.'

18 USC 922(g) is amended by inserting at the end the following:

'(10) has been convicted in any court of a sex offense against a minor.'"

Mr. NADLER. Thank you, Mr. Chairman. Under current law, it is illegal to transfer a gun to anyone convicted of a crime punishable by more than 1 year.

It is also illegal for any such individual to posses a gun. However, for some crimes that we consider to be particularly serious, we prohibit all transfers of guns to or possession of guns by individuals convicted of any such crime.

For example, we prohibit anyone convicted of a crime of domestic violence whether a felony or a misdemeanor from purchasing or possessing a gun. I believe child sex crimes are such a case. We should not treat child sex offenders any more leniently with respect to possessing guns than we do domestic abusers.

I ask my colleagues to support this amendment to close this loophole. I yield back.

Chairman SENSENBRENNER. The gentleman from Wisconsin, Mr. Green.

Mr. GREEN. Mr. Speaker, or, Mr. Chairman, you have me saying it now. I'm still studying the amendment, so don't wish to be recognized at this time.

Chairman SENSENBRENNER. The question is on agreeing to the amendment offered by the gentleman from New York, Mr. Nadler. Those in favor—the gentleman from Iowa, Mr. King.

Mr. KING. Thank you, Mr. Chairman. I move to strike the last word.

Chairman SENSENBRENNER. The gentleman is recognized for 5 minutes.

Mr. KING. And I'll be brief, Mr. Chairman. But I just wanted to speak to this issue and I recall that I have in the past for this Committee listed the exceptions to gun rights that's in the Federal Code, and they're called those rights are disabled, according to the Federal Code. I have the section here in front of me that already covers this amendment. So I would suggest and submit that this is a redundant amendment that's already covered by another section of the code, which I believe is 922(g). And I——

Mr. NADLER. Would the gentleman yield?

Mr. KING. I would yield.

233

Mr. NADLER. Yeah. I think it's incorrect. It covers more than 1 year. It does not cover any crime committed against a child—any crime of violence committed against a child.

Mr. KING. Reclaiming my time, I'm suggesting that this section of the code covers any crime committed that precludes a person from having a gun. That's a felony. Anything that's a felony——

Mr. NADLER. If the gentleman would yield?

Mr. KING. I would yield.

Mr. NADLER. It has to be a felony. This does not have to be a felony. You're quite correct. It—well, you're correct in that sentence. It covers any crime committed, punishable by more than a year. It does not cover crimes of violence against a child or child sex crimes rather. It does not cover child sex crimes punishable by less than a year, and we had part of that discussion with respect to making that a predicate for a 5-year sentence for failure to register earlier today. But that is not covered. This amendment would cover that for possession or transfer of a gun.

Mr. KING. Reclaiming my time, if the gentleman could cite that section of the Code, I'm sure this Committee would be interested in that section. Otherwise, I'll be opposing this amendment. Thank you, and I yield back.

Mr. NADLER. Would the gentleman—Mr. Chairman?

Chairman SENSENBRENNER. The gentleman from New York has already been recognized.

Mr. NADLER. I ask unanimous consent for 30 seconds.

Chairman SENSENBRENNER. Without objection, the gentleman is recognized.

Mr. NADLER. Thank you. The section is 18 U.S.C., 922(d). It's cited right in the amendment. I yield back.

Chairman SENSENBRENNER. The question is on agreeing to the amendment offered by the gentleman from New York. Those in favor will say aye. Opposed, no?

The noes appear to have it.

Mr. NADLER. Mr. Chairman, I ask for the ayes and nays.

Chairman SENSENBRENNER. A rollcall is ordered. Those in favor of the Nadler Amendment will, as your names are called, answer aye. Those opposed, no, and the clerk will call the roll.

The Clerk will call the roll.

The CLERK. Mr. Hyde?

[No response.]

The CLERK. Mr. Coble?

Mr. COBLE. No.

The CLERK. Mr. Coble, no. Mr. Smith?

[No response.]

The CLERK. Mr. Gallegly?

[No response.]

The CLERK. Mr. Goodlatte?

[No response.]

The CLERK. Mr. Chabot?

[No response.]

The CLERK. Mr. Lungren?

[No response.]

The CLERK. Mr. Jenkins?

Mr. JENKINS. No.

The CLERK. Mr. Jenkins, no. Mr. Cannon?

234

Mr. CANNON. No.
The CLERK. Mr. Cannon, no. Mr. Bachus?
[No response.]
The CLERK. Mr. Bachus?
[No response.]
The CLERK. Mr. Inglis?
Mr. INGLIS. No.
The CLERK. Mr. Inglis, no. Mr. Hostettler?
Mr. HOSTETTLER. No.
The CLERK. Mr. Hostettler, no. Mr. Green?
Mr. GREEN. No.
The CLERK. Mr. Green, no. Mr. Keller?
Mr. KELLER. No.
The CLERK. Mr. Keller, no. Mr. Issa?
Mr. ISSA. No.
The CLERK. Mr. Issa, no. Mr. Flake?
Mr. FLAKE. No.
The CLERK. Mr. Flake, no. Mr. Pence?
[No response.]
The CLERK. Mr. Forbes?
Mr. FORBES. No.
The CLERK. Mr. Forbes, no. Mr. King?
Mr. KING. No.
The CLERK. Mr. King, no. Mr. Feeney?
[No response.]
The CLERK. Mr. Franks?
Mr. FRANKS. No.
The CLERK. Mr. Franks, no. Mr. Gohmert?
Mr. GOHMERT. No.
The CLERK. Mr. Gohmert, no. Mr. Conyers?
Mr. CONYERS. Aye.
The CLERK. Mr. Conyers, aye. Mr. Berman?
[No response.]
The CLERK. Mr. Boucher?
[No response.]
The CLERK. Mr. Nadler?
Mr. NADLER. Aye..
The CLERK. Mr. Nadler, aye.. Mr. Scott?
Mr. SCOTT. Aye.
The CLERK. Mr. Scott, aye. Mr. Watt?
[No response.]
The CLERK. Ms Lofgren?
[No response.]
The CLERK. Ms. Jackson Lee?
[No response.]
The CLERK. Ms. Waters?
[No response.]
The CLERK. Mr. Meehan?
Mr. MEEHAN. Aye.
The CLERK. Mr. Meehan, aye. Mr. Delahunt?
[No response.]
The CLERK. Mr. Wexler.
[No response.]
The CLERK. Mr. Weiner?
Mr. WEINER. Aye.

235

The CLERK. Mr. Weiner, aye. Mr. Schiff?

Mr. SCHIFF. Aye.

The CLERK. Mr. Schiff, aye. Ms. Sánchez?

Ms. SÁNCHEZ. Aye.

The CLERK. Ms. Sánchez, aye. Mr. Van Hollen?

Mr. VAN HOLLEN. Aye.

The CLERK. Mr. Van Hollen, aye. Ms. Wasserman Schultz?

Ms. WASSERMAN SCHULTZ. Aye.

The CLERK. Ms. Wasserman Schultz, aye. Mr. Chairman?

Chairman SENSENBRENNER. No.

The CLERK. Mr. Chairman, no.

Chairman SENSENBRENNER. Members who wish to cast or change their votes?

The gentleman from California, Mr. Lungren.

Mr. LUNGREN. No.

The CLERK. Mr. Lungren, no.

Chairman SENSENBRENNER. The gentleman from Texas, Mr. Smith.

Mr. SMITH. No.

The CLERK. Mr. Smith, no.

Chairman SENSENBRENNER. The gentleman from Ohio, Mr. Chabot.

Mr. CHABOT. No.

The CLERK. Mr. Chabot, no.

Chairman SENSENBRENNER. Further Members who wish to cast or change their vote. If not, the clerk will report.

The CLERK. Mr. Chairman, there are 9 ayes and 17 noes.

Chairman SENSENBRENNER. And the amendment is not agreed to.

Are there further amendments?

The gentleman from Virginia, Mr. Scott.

Mr. SCOTT. Mr. Chairman, I have an amendment at the desk, number 13.

Chairman SENSENBRENNER. The clerk will report the amendment.

The CLERK. Amendment to H.R. 3132, offered by Mr. Scott of Virginia. On page 40, line 21, insert the following: Section 304, Sex Offender Treatment Programs. The Federal Bureau of Prisons shall establish sufficient——

Chairman SENSENBRENNER. Without objection, the amendment is considered as read.

The gentleman from Virginia, Mr. Scott, is recognized for 5 minutes.

[The amendment follows:]

Title II of H.R. 3132 expands the national DNA Index System, but includes many controversial provisions in the process. For example, Section 202 amends Section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. 14135a) to give the Attorney General (or any agency within the Department of Justice or any agency that arrests, detains or supervises individuals facing charges) the power to collect DNA samples from persons who have not been found guilty, but are merely "arrested or detained under the authority of the United States."

Title III of the legislation, entitled "Prevention and Deterrence of Crimes Against Children Act," limits the ability of any individual convicted of killing a child to petition the court for habeas corpus review.[6] In addition, Title III adds a host of mandatory minimum sentences. For example, Sec. 302 would require for a "felony crime of violence against the person" of someone under 18, unless a higher mandatory minimum otherwise applies and regardless of any maximum:

- Life or death if death results—this would substantially broaden the offenses for which life or death may be imposed, and require a life sentence even in the absence of one of the mental culpability factors. That is, it would require a life sentence if death resulted from recklessness, negligence or by accident.
- Not less than 30 years or for life if the "crime of violence" is kidnapping, aggravated sexual abuse, sexual abuse, maiming, or results in serious bodily injury, i.e., involves a substantial risk of death, extreme physical pain, protracted and obvious disfigurement, or protracted loss of the function of a bodily member, organ or mental faculty.
- Not less than 20 years or for life if the "crime of violence" is a sexual contact offense under 18 U.S.C. 2244(a)(1), (2) or (5), or results in bodily injury, i.e., a cut, abrasion, bruise, burn, or disfigurement, physical pain, illness, impairment of a bodily member, organ, or mental faculty, or any other injury to the body, no matter how temporary.
- Not less than 15 years or for life if a "dangerous weapon was used during and in relation to the crime of violence" (dangerous weapon is not defined in the federal criminal code, and has been held under state law to include anything from a firearm to a shoe, and even a pencil)
- Not less than 10 years or for life in any other case.

Title IV, entitled "Protection Against Sexual Exploitation of Children Act," and Title V, entitled "Foster Child Protection and Child Sexual Predator Deterrence Act," create a host of mandatory mini-

register has been explained and that the sex offender understands the registration requirement," whether the person actually understands the registration requirement or not. (Sec. 117(2)).

[6] Sec. 303, entitled "Ensuring Fair and Expeditious Federal Collateral Review of Convictions for Killing a Child," would strip federal courts of jurisdiction to review claims on habeas corpus of persons in state custody for a "crime that involved the killing of" a person under 18 unless "(A) the claim relies on—(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense." The rare claim that cleared this hurdle would be subjected to a complex set of truncated timetables.

255

example, a deviant sexual interest in young children, which is a major driving factor among persistent adult sex offenders, does not appear to play a role in the behavior of most children and teens. With rare exception, these youth are not pedophiles. Rather, for many children and youth, these behaviors are opportunistic, driven by curiosity and poor judgment, and are more impulsive rather than compulsive. Critical distinctions such as these between juveniles and adults have been clearly pointed out by blue-ribbon panels commissioned by the U.S. Department of Justice and by public information resources such as the Center for Sex Offender Management (CSOM), the National Center on the Sexual Behavior of Youth (NCSBY), and by professional and research organizations.

The United States has a century-long tradition of maintaining different standards and treatment for juvenile delinquents as opposed to adult criminals. Our values dictate that individuals should not be stigmatized for life based on childhood or early teenage behavior. Including juveniles under H.R. 3132 violates this tradition of American justice and creates a special class of juveniles mandated to bear lifetime public stigma.

## V. THE LEGISLATION FAILS TO PROHIBIT THE SELL OF DANGEROUS FIREARMS TO CONVICTED SEX OFFENDERS

HR 3132 fails to address a glaring loophole that presently exists in our current system of gun laws. Namely, it fails to prohibit the sell of dangerous firearms to all convicted sex offenders.

Under current law, it is illegal to transfer a gun to anyone convicted of a crime punishable by more than one year. In addition, we also prohibit the transfer of such weapons to individuals convicted of committing misdemeanor crimes that we consider to be of a particularly serious nature. For example, we prohibit anyone convicted of committing a misdemeanor crime of domestic violence from purchasing or possessing a gun. Unfortunately, similar restrictions are not placed on individuals convicted of committing misdemeanor sex offenses.

Guaranteeing that all sex offenders are prevented from gaining access to dangerous firearms is of grave importance. Not long ago, Keith Dwayne Lyons, a high-risk sex offender, was convicted of engaging in unlawful sexual intercourse with a minor. According to filed police reports, Mr. Lyon was aided by the use of a firearm in carrying-out his crime.[21]

We also have been made painfully aware of the recent child molestations involving at least three Boy Scout officials who, over the course of the past several years, have been accused of molesting dozens of young boys. In the case of one of the alleged molesters in particular, Mr. Dennis Empey, we also learned he had been previously convicted of committing a sex offense after having been accused of "flashing a gun before sodomizing his victims."[22] During the course of the Committee's consideration of HR 3132, Representative Nadler offered an amendment to address this problem. Unfor-

---

[21] Reno Gazette-Journal, "High Risk Sex Offender Arrested", Page 5c December 10, 2004.
[22] Idaho's "Post Register" Uncovers Pedophiles Among Boy Scout Officials, Editor & Publisher, July 5, 2005.

258

Wasserman Schultz, Lungren, Inglis, Flake, Gohmert. Nays: Representatives Sensenbrenner, Coble, Smith, Gallegly, Chabot, Jenkins, Cannon, Hostettler, Green, Keller, Issa, Pence, Forbes, King, Feeney, Franks, Schiff.

*6. Amendment offered by Rep. Bobby Scott (#5)*

   *Description of amendment:* The Scott amendment proposed to strike section 303 of the bill in its entirety; thereby eliminating the restrictions that the bill places on applications for the writ of habeas corpus review.

   Vote on Amendment: The amendment was defeated by a vote of 12–18. Ayes: Representatives Conyers, Berman, Nadler, Scott, Jackson Lee, Waters, Wexler, Weiner, Schiff, Sanchez, Van Hollen, Wasserman Schultz. Nays: Representatives Sensenbrenner, Coble, Smith, Chabot, Lungren, Jenkins, Cannon, Inglis, Hostettler, Green, Keller, Issa, Flake, Forbes, King, Feeney, Franks, Gohmert.

*7. Amendment offered by Rep. Debbie Wasserman Schultz*

   *Description of amendment:* The Wasserman Schultz amendment directed the Attorney General to establish guidelines for the civil confinement of certain sexually violent predators within state institutions.

   Vote on Amendment: The amendment was withdrawn.

*8. Amendment offered by Rep. Sheila Jackson Lee*

   *Description of amendment:* The Jackson Lee amendment proposed to expand the authority of the Attorney General to collect DNA samples from anyone convicted of committing a federal crime.

   Vote on Amendment: The amendment was agreed to by voice-vote.

*9. Amendment offered by Rep. Jerrold Nadler*

   *Description of amendment:* The Nadler amendment proposed to amend section 922 of title 18 U.S.C. in order to prohibit the transfer or possession of a firearm by any individual who had been convicted of committing a sex offense against a minor.

   Vote on Amendment: The amendment was defeated on a straight party-line basis by a vote of 9 to 17. Ayes: Representatives Conyers, Nadler, Scott, Meehan, Weiner, Schiff, Sanchez, Van Hollen, Wasserman Schultz. Nays: Representatives Sensenbrenner, Coble, Smith, Chabot, Lungren, Jenkins, Cannon, Inglis, Hostettler, Green, Keller, Issa, Flake, Forbes, King, Franks, Gohmert.

*10. Amendment offered by Rep. Bobby Scott (#6)*

   *Description of amendment:* The Scott amendment directed the Federal Bureau of Prisons to establish and provide access to a sex offender treatment program for all federal inmates, prior to the time of their release.

   Vote on Amendment: The amendment was withdrawn with the understanding that Majority and Minority staff would work out a mutually agreeable version to be accepted by the Majority.