UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | )  Criminal No. 08-013 (RCL) |
| DAVID NIKOLOW, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Presently before the Court is defendant's Motion [34] for Release Pending Trial. Upon consideration of the motion, the opposition thereto, the supplemental filings, arguments made during a hearing, and the record herein, this Court finds that defendant's motion shall be DENIED.

After a hearing held on January 31, 2008, this Court ordered that the defendant be detained pending trial, pursuant to 18 U.S.C. § 3142(f)(1)(E). Under that provision, the government may request detention in a case that involves "any felony that is not otherwise a crime of violence that involves . . . the possession or use of a firearm or destructive device." 18 U.S.C. § 3142(f)(1)(E). Based upon the government's proffer that its searches of defendant's liquor store and residence revealed 15 firearms, including rifles, handguns, and semi-automatic weapons, this Court determined that defendant posed a danger to the community and that no set of conditions would assure the safety of the community if defendant was released pending trial. Defendant now argues that § 3142(f)(1)(E) is inapplicable to the facts of this case because, according to the defendant, there is no link between the recovered firearms and the crimes charged. This Court disagrees.

Defendant relies in large part on *United States v. Singleton*, 182 F.3d 7 (D.C. Cir. 1999). In *Singleton*, the D.C. Circuit ruled that the offense of a felon-in-possession of a firearm under 18 U.S.C. § 922(g) is not a "crime of violence" triggering the government's right to a detention hearing under § 3142(f). 182 F.3d at 16. The court used a categorical approach to interpret the Bail Reform Act requiring that under § 3142, a risk of violence must arise "'in the course of committing the offense.'" *Id.* at 14 (quoting 18 U.S.C. § 3156(a)(4)(B)). Focusing its attention on the nexus requirement in § 3156(a)(4)(B) which defines the term "crime of violence," the D.C. Circuit found that "[a]bsent a direct relationship between the offense and a risk of violence, the possibility of violence is not a basis for pretrial detention on a charge that on its face does not involve violence as an element." *Id.* Here, defendant argues that there is no nexus between the recovered firearms and the alleged offenses.

*Singleton*'s application is limited in the instant matter, however, because here there is no question as to whether the alleged offenses are crimes of violence. Rather, Congress resolved that issue several years after *Singleton* when it passed § 3142(f)(1)(E) making pretrial detention possible in cases involving "any felony *that is not otherwise* a crime of violence" where the crime involves a minor victim or a firearm. Accordingly, there is no basis for this Court to apply the nexus requirement that the risk of violence arise "in the course of committing the offense" pursuant to § 3156(a)(4)(B). Rather, the sole issue to be determined here is the whether the alleged offenses involved the possession or use of a firearm. This Court resolves that question in the affirmative. Defendant illegally possessed a virtual arsenal made up of rifles, handguns, and semi-automatic weapons in the very place where he conducted the alleged criminal activities. Indeed, the government proffers that the firearms recovered from the liquor store were readily

accessible to defendant in the same location as the massive amounts of stolen goods he received, stored, and sold.  According to the government, firearms were recovered from throughout the liquor store, some in plain view, and some in a part of the store that was immediately adjacent to the customer area.  Defendant urges this Court to find that his mere constructive possession of the firearms recovered from his home and in the basement of the store is too attenuated to the alleged crimes to detain defendant pending trial.  While defendant's argument might apply to the firearms recovered from those locations, it does not address firearms kept in the part of the store immediately adjacent to the customer area.  To be sure, one of the firearms was recovered from defendant's desktop located just off the customer area.  In light of these facts, this Court concludes that the crimes charged against defendant involve his possession of a firearm and therefore a pre-trial detention hearing was warranted under § 3142(f).  *See United States v. Clifton*, No. 3:06cr110, 2007 WL 2688648, at *1 (W.D.N.C. Sept. 10, 2007) (recognizing that § 3142(f)(1)(E) "simply provides a more permissive standard for detention in ordinarily nonviolent offenses, such as interstate transportation of stolen goods, *which become more threatening to the safety of the community when committed by armed defendants*") (emphasis added).  Having already found that no conditions of release will reasonably assure the safety of the community, and for the reasons stated herein, defendant's Motion [34] for Release Pending Trial is hereby DENIED.

    SO ORDERED.

    Signed by Royce C. Lamberth, Chief Judge, on May 14, 2008.